IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE REYES-SANTIAGO,<br><br>Defendant. | CRIMINAL NO. 99-264 (SEC) |

**REPORT**

A hearing to show cause why above defendant should not be detained for violation of conditions to his supervised release was held on March 31, 2005. Present and available for cross-examination was Probation Officer Martín De Santiago, who filed the Motion Notifying Violations of Supervised Release Conditions on July 2, 2004 and a Supplement to the Motion Filed on Match 14, 2005 (Docket Entries Nos. 239 and 246).

Defendant was represented by Court Appointed Counsel, Atty. Luis Guzmán-Dupont. At the hearing, the Probation Office's motion submitted defendant failed to comply with:

**Condition No. 1** - Standard Condition: "While on supervised release, the defendant shall not commit another federal, state or local crime";

**Condition No. 2** - "You shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month"; and

**Condition No. 7** "You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician".

Counsel for defendant offered no rebuttal evidence as to the violations above stated for probable cause determination and only requested the full revocation hearing be expeditiously

U.S. v. Jorge Reyes Santiago
Criminal No. 99-264(SEC)
Page No. 2

held. Thus, considering the evidence available, this Magistrate Judge made a determination of probable cause as to the supervised release violations charged as set forth in the Probation Officer's motion. 18 U.S.C. 3565 (a); Rule 32.1 (b).[1]

Counsel is to be provided with discovery insofar as the alleged violations. The case is referred to Clerk's Office for prompt setting of the full revocation hearing.

Regarding detention without bail, defendant is not entitled, at this juncture, for consideration of release under the Bail Reform Act of 1984, 18 U.S.C. §3143, since none of the factors for release of a defendant pending sentence or appeal, after having been convicted, are present in the instant case. Rule 46 (c). The defendant is to be detained, without bail, until further order from the court.        IT IS SO RECOMMENDED.

San Juan, Puerto Rico,  this 1st  day of April, 2005.

                    **S/ CAMILLE L. VELEZ-RIVE**
                    **CAMILLE L. VELEZ-RIVE**
                    **UNITED STATES MAGISTRATE JUDGE**

---

[1] The minimum requirements of due process in the context of revocation hearing should include "a written statement by the fact finder as to the evidence relied on and reasons for revoking [parole]". Morrissey v. Brewer, 408 U.S. 471 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973) (*holding* that the Morrissey rule applies equally to probation revocations).
 The Court of Appeals for the First Circuit adopted in United States v. Whalen, 82 F.3d 528 (1st Cir. 1996), the 11th Circuit decision United States v. Copeland, 20 F.3d 412, 414 (11th Cir. 1994) in that "oral findings, if recorded or transcribed, can satisfy the requirements of Morrissey when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon."
 Having the district judge stated on the record in Whalen that he had reviewed all the exhibits introduced at the revocation hearing and determined the government had proved by preponderance of the evidence the grounds for revocation for violation to the conditions of supervised release, as well as adopted the facts set out in the probation officer's report regarding revocation, defendant was given fair notice of the reasons for same. See also United States v. Portalla, 985 F.2d 621, 622 (1st Cir. 1993 (the government has the burden of proving by preponderance that defendant violated supervised release).
 A defendant is entitled to a "prompt" probable cause hearing that satisfies Rule 32.1. However, defendant is considered to have waived said determination if at the detention hearing before a magistrate he failed ot make objections or to request a separate determination of probable cause at any time before the revocation hearing itself.